IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANKUS, L.L.C, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-3365 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Ankus, L.L.C. seeks a declaratory judgment that it owns a property and an injunction preventing Wells Fargo Bank, N.A., which holds the deed of trust for that property, from selling. Ankus also brings trespass-to-try-title and a removal-of-cloud-on-title claims. Wells Fargo timely removed and moved for summary judgment.

After reviewing the pleadings, the motion and response, the summary judgment evidence, and the applicable law, the court grants Wells Fargo's motion for summary judgment. (Docket Entry No. 14). Final judgment is separately entered. The reasons for this ruling are explained below.

**I.     Background**

In September 2007, Daniel Galicia, Jr. took out a mortgage loan on a property in Houston, Texas from the Security National Mortgage Company. (Docket Entry No. 14 at 2; Docket Entry No. 14-1 at 6). Mortgage Electronic Registration Systems assigned the deed of trust to Wells Fargo in February 2009. (Docket Entry No. 14-1 at 23). In March 2009, Wells Fargo sent a notice of foreclosure and sale to Galicia, but sent another notice in September that it was rescinding the March notice of acceleration and all prior notices of acceleration. (Docket Entry Nos. 14-2 at 7,

12).  In October, Galicia and Wells Fargo entered into a loan modification agreement. (Docket Entry No. 14-1 at 30).

In July 2018, an order of sale issued out of the County Civil Court At Law No. 1, Harris County, Texas, pursuant to a judgment and decree of sale rendered in December 2014. (Docket Entry No. 18-2 at 1).  Ankus purchased the property at a constable's sale in September 2018. (Docket Entry No. 1-5 at 2).  In August 2019, Ankus sued Wells Fargo, seeking a declaratory judgment that it owns the property and an injunction preventing Wells Fargo from selling. (*Id.* at 3).  Ankus also brought trespass-to-try-title and a removal-of-cloud-on-title claims. (*Id.*).  Wells Fargo timely removed and moved for summary judgment. (Docket Entry No. 1, 14).

In this suit, Ankus argues that Wells Fargo accelerated the debt in 2009, but did not foreclose within the four-year statute of limitations, voiding its deed of trust. (Docket Entry No. 1-5 at 3).  Alternatively, Ankus argues that Wells Fargo cannot foreclose because it did not notify Ankus of the sale. (*Id.*).  Wells Fargo argues that it is entitled to summary judgment because: (1) it abandoned its 2009 acceleration of the loan maturity, resetting the statute of limitations; and (2) Ankus was not entitled to foreclosure notices because it is not the borrower. (Docket Entry No. 14 at 1).  Ankus responds that the 2009 acceleration was not abandoned because it was not accompanied or accomplished through a recorded extension agreement between Wells Fargo and Galicia. (Docket Entry No. 18 at 10).  Ankus did not respond to the notice issue.

## II. The Legal Standard

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)).  "A material fact is one that might affect the outcome of the

suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 610 (5th Cir. 2018) (quotations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating'" that "there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). "If the moving party fails to meet [its] initial burden, [the summary judgment motion] must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019). In deciding a summary

3

judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor." *Waste Mgmt. of La, L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)).

## III. Analysis

Under Texas law, "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035. The lien and the power of sale to enforce it become void if a lender does not foreclose within that period. *Walker v. Deutsche Bank Nat'l Tr. Co.*, 793 F. App'x 330, 330 (5th Cir. 2020). "The acceleration may be abandoned, either by the lender's unilateral actions or by agreement, in which case a new limitations period will begin to run when the lender exercises its option to re-accelerate the note." *Calderon v. Bank of New York Mellon*, 791 F. App'x 453, 456 (5th Cir. 2019) (citing *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015)).

A noteholder may waive or abandon a prior acceleration by a written extension agreement signed and acknowledged as if it were a deed and filed in the public records of the county where the real property is located. TEX. CIV. PRAC & REM. CODE § 16.036. If that occurs, "the acceleration is deemed rescinded and waived and the note . . . shall be governed by section 16.035 as if no acceleration had occurred." *Id.* § 16.038(a). This is not the only way a noteholder can abandon or waive acceleration. A noteholder may also waive or abandon acceleration by continuing to "accept payments without exacting any remedies available to it upon declared maturity." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566–67 (Tex. 2001); *see also Jatera Corp. v. US Bank Nat'l Ass'n*, 917 F.3d 831, 835 (5th Cir. 2019).

4

The undisputed summary judgment evidence shows that Wells Fargo abandoned its 2009 attempt at acceleration by sending Galicia a "Rescission Notice" on September 10, 2009. (Docket Entry No. 14-2 at 12). Wells Fargo also entered into a loan modification agreement with Galicia on October 6, 2009. (Docket Entry No. 14-1 at 30). Ankus argues that because this loan modification agreement was not recorded, it does not satisfy § 16.036 and Ankus is protected as a bona fide purchaser under § 16.037. (Docket Entry No. 18 at 9–10). Ankus cites *The Cadle Company v. Butler*, 951 S.W.2d 901, 909 (Tex. App. — Corpus Christi 1997), which explains that "[t]he former and current statutes plainly state that parties to a lien debt can suspend the running of the statute of limitations only by executing and recording a written extension agreement." Ankus also cites *Woodside Assurance, Inc. v. N.K. Resources, Inc.*, 175 S.W.3d 421, 425 (Tex. App. — Hous. [1st Dist.] 2005, no pet.), which relies on *Butler*.

*Butler* interpreted an older version of the statute. Recent decisions make clear that the running of the statute of limitations may be suspended or stopped through other means, including by notice of an intent to abandon the earlier acceleration. *Graham v. LNV Corp.*, No. 03-16-00235-CV, 2016 WL 6407306, at *4 (Tex. App. — Austin Oct. 26, 2016) ("In the present case, it is undisputed that LNV expressly abandoned its acceleration of the note by letter dated June 5, 2014. Thus, we need not consider the conduct of the parties in order to conclude that LNV intended to waive, abandon, or rescind the previous acceleration."). Ankus overlooks the effect of the rescission notice, which effectively abandoned the earlier acceleration. Wells Fargo is entitled to summary judgment because it still holds the deed of trust to the property.

Wells Fargo also argues that Ankus's alternative grounds for a declaratory judgment—that it did not receive notice of the foreclosure sale—fails because Ankus is not the borrower and not entitled to foreclosure notices. (Docket Entry No. 14 at 1). Ankus does not respond to this issue.

5

Texas Property Code § 51.002 requires "serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt. The statute refers to a debtor as someone "who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." *Garza v. Wells Fargo Bank, N.A.*, 632 F. App'x 222, 224 (5th Cir. 2016). There is no requirement under Texas law that "personal notice of a foreclosure be sent to persons not parties to the deed of trust." *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (quoting *Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App. — Beaumont 2003)). Because Ankus was not the debtor under the deed of trust, it was not entitled to notice of the sale.

Because Ankus's requested relief requires a showing that Wells Fargo does not have a valid claim to the property, and because the undisputed summary judgment evidence shows that Wells Fargo has a valid claim under Texas law, Wells Fargo's motion for summary judgment is granted.

## IV. Conclusion

Wells Fargo's motion for summary judgment, (Docket Entry No. 14), is granted. Final judgment is separately entered.

SIGNED on March 5, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge